**United States District Court**
**Central District of California**

JS - 3

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** vs. | Docket No. | CR 15-0531-FMO-4 |
| **Defendant**   GARRICK JAMES DAVIS-LOONEY | Social Security No. | 4  3  6  0 |
| akas:  NONE | | (Last 4 digits) |

## JUDGMENT AND PROBATION/COMMITMENT ORDER

|  | | MONTH | DAY | YEAR |
|---|---|---|---|---|
| In the presence of the attorney for the government, the defendant appeared in person on this date. | | 03 | 09 | 2017 |

**COUNSEL**          Lawrence Jay Litman, CJA Attorney
                                 (Name of Counsel)

**PLEA**    [X] **GUILTY,** and the court being satisfied that there is a factual basis for the plea.    [ ] **NOLO CONTENDERE**    [ ] **NOT GUILTY**

**FINDING**    There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:

**Count 7 :  Bank Fraud and Attempted Bank Fraud - 18 U.S.C. § 1344**
**Count 22: Aggravated Identity Theft - 18 U.S.C. § 1028A(a)(1)**

**JUDGMENT AND PROB/ COMM ORDER**    The court inquires as to whether there is any reason why judgment should not be pronounced.  Because no sufficient cause to the contrary was shown, or appeared to the court, the court adjudged the defendant guilty as charged and convicted and ordered as follows:

Defendant Garrick James Davis-Looney ("defendant") is committed to the custody of the Bureau of Prisons on Counts Seven and 22 of the Indictment for a term of **three (3) days**, which consists of time served on Count Seven and three days on Count 22, to be served consecutively.

Upon release from imprisonment, defendant shall be placed on supervised release for a term of **three (3) years**, which consists of three years on Count Seven and one year on Count 22, both to run concurrently, under the following terms and conditions:

1. Defendant shall comply with the rules and regulations of the United States Probation Office, General Order 05-02, and General Order 01-05, including the three special conditions delineated in General Order 01-05.

2. Defendant shall participate in mental health treatment, which may include evaluation and counseling, until discharged from the treatment by the treatment provider, with the approval of the Probation Officer.

3. As directed by the Probation Officer, defendant shall pay all or part of the costs of defendant's mental health treatment to the aftercare contractors during the period of community supervision, pursuant to 18 U.S.C. § 3672.  Defendant shall provide payment and proof of payment as directed by the Probation Officer.

4. During the period of community supervision, defendant shall pay the special assessment and restitution in accordance with the court's orders pertaining to such payment.

5. Defendant shall not be employed by, affiliated with, own or control, or otherwise participate, directly

| USA vs. GARRICK JAMES DAVIS-LOONEY | Docket No.: CR 15-0531-FMO-4 |
|---|---|

or indirectly, in the conduct of the affairs of any financial institution insured by the Federal Deposit Insurance Corporation.

      6.     Defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport, or any other form of identification in any name, other than defendant's true legal name; nor shall defendant use, for any purpose or in any manner, any name other than his true legal name or names without the prior written approval of the Probation Officer.

      7.     Defendant shall not engage, as whole or partial owner, employee or otherwise, in any business wherein he has custody, control, management, or access to the personal identifying information of other individuals including, but not necessarily limited to, social security number, home address, dates of birth, access devices, financial account numbers, without the express prior approval of the Probation Officer.

      8.     Defendant shall cooperate in the collection of a DNA sample from defendant.

      9.     Defendant shall apply all monies received from income tax refunds to the outstanding court-ordered financial obligation. In addition, defendant shall apply all monies received from lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation.

      10.     During his period of supervised release, defendant shall participate for a period of **fifteen (15) months** in a home detention program which may include electronic monitoring, GPS, an alcohol monitoring unit, or an automated identification system, and shall observe all rules of such program, as directed by the Probation Officer. Defendant shall maintain a residential telephone line without devices or services that may interrupt operation of the monitoring equipment. During this period of home detention, defendant shall be restricted to his residence at all times except for: employment; school and educational activities related to defendant; religious services or gatherings; medical appointments and procedures, including treatment for substance abuse or mental health issues; attorney visits; court-ordered obligations; or other activities pre-approved by Probation. Defendant shall pay the costs of location monitoring to the contract vendor, not to exceed the sum of $12.00 for each day of participation. The Probation Officer may waive some or all of the costs if it is determined that defendant does not have the ability to pay. Defendant shall provide payment and proof of payment as directed by the Probation Officer.

      Defendant shall pay restitution in the total amount of $54,782.24 pursuant to 18 U.S.C. § 3663A, to the victim Wells Fargo Bank. Defendant shall make monthly payments of at least 10% of defendant's gross monthly income, but not less than $100 per month, during the period of supervised release, to begin 30 days after the commencement of supervision. Defendant shall be jointly and severally liable with co-defendant Ronald Charles Reed (Case No. CR 15-0531-1) for the amount of restitution ordered in this judgment.

      Defendant shall pay to the United States a special assessment of $200, which is due immediately. All fines are waived as the court finds that defendant is unable to pay and is not likely to become able to pay any fine.

      Defendant shall surrender himself to the institution designated by the Bureau of Prisons on or before **12:00 noon** on **April 10, 2017**. In the absence of such designation, defendant shall report on or before the same date and time to the United States Marshal located at the Roybal Federal Building, 255 East Temple Street, Los Angeles, California 90012.

      Defendant's bond shall be exonerated upon his completion of the home detention portion of his term of

| | | | |
|---|---|---|---|
| USA vs. | GARRICK JAMES DAVIS-LOONEY | Docket No.: | CR 15-0531-FMO-4 |

supervised release.

Upon request by the government, all remaining counts of the Indictment are dismissed with respect to defendant.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| | |
|---|---|
| March 15, 2017 | *Fernando M. Olguin* |
| Date | FERNANDO M. OLGUIN |
| | U. S. District Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| | | |
|---|---|---|
| March 15, 2017 | By | /s/ Vanessa Figueroa |
| Filed Date | | Deputy Clerk |

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, <u>for felony cases only</u>: not possess a firearm, destructive device, or any other dangerous weapon.

| | |
|---|---|
| USA vs.    GARRICK JAMES DAVIS-LOONEY | Docket No.:    CR 15-0531-FMO-4 |

☐   The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

### STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:
1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

### SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure; and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any

### RETURN

I have executed the within Judgment and Commitment as follows:

| | | | |
|---|---|---|---|
| Defendant delivered on | | to | |
| Defendant noted on appeal on | | | |
| Defendant released on | | | |
| Mandate issued on | | | |
| Defendant's appeal determined on | | | |
| Defendant delivered on | | to | |

at _____ the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

By    United States Marshal

| | |
|---|---|
| USA vs. GARRICK JAMES DAVIS-LOONEY | Docket No.: CR 15-0531-FMO-4 |

 

| | |
|---|---|
| Date | Deputy Marshal |

### CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By

| | |
|---|---|
| Filed Date | Deputy Clerk |

**FOR U.S. PROBATION OFFICE USE ONLY**

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)

| | |
|---|---|
| Defendant | Date |
| U. S. Probation Officer/Designated Witness | Date |